IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNEDY JONES and, <br> ELAINE C. JONES <br> <br> Petitioners, <br> <br> v. <br> <br> UNITED STATES OF AMERICA <br> Respondent | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 3:09-CV-1239-M-AH |

**UNITED STATES' MOTION TO DISMISS
PETITION TO QUASH INTERNAL REVENUE SUMMONS
<u>AND TO ENFORCE THE SUMMONS</u>**

The United States moves to dismiss the Petition to Quash an Internal Revenue Service summons and cross-moves for summary enforcement of the summons on JP Morgan Chase Bank NA in Dallas, Texas (hereafter "Bank").[1]

The summons was issued to the Bank for records of accounts over which Mr. and Mrs. Jones had control.  The Bank has identified several accounts described by the summons. Apparently some of the accounts, but not all, relate to the Greater Community Missionary Baptist Church (the "Church"), a church at which Mr. Jones is the chief pastor.  To the extent an account is identified as an account belonging to the Church, over which Pastor Jones or Mrs. Jones has signatory authority, the United States requests that the summons be modified and the enforcement order limit the production of documents from such account to a copy of the signature cards and copies of checks, or other evidence of deposit or withdrawal, over $500, payable to Petitioners or their children.

---

[1] The Declaration of Revenue Agent Shelly Tidwell is attached hereto as Gov. Exhibit 1 (the "Tidwell Decl."). It is incorporated herein for all purposes

STATEMENT OF FACTS

1.      Revenue Agent Sherry Tidwell ("Agent Tidwell") was assigned to investigate the tax liability of Mr. and Mrs. Jones (Petitioners) for calendar years ending December 31, 2006, and December 31, 2007.  Gov. Exhibit 1, Tidwell Decl., para. 2. and the Summons, Petition to Quash, Attachment Number One, p. 1.

2.      In furtherance of her investigation, Agent Tidwell served an administrative summons on JP Morgan Chase Bank NA in Dallas, Texas (hereafter "Bank").  Gov. Exhibit 1, Tidwell Decl., para. 3.

3.      The summons asked for the Bank, in pertinent part, to "furnish any and all books, records and other data concerning all accounts in which the above-named individual(s) is identified as having any ownership interest, signatory privileges, rights to make withdrawals, or to which the above-named individual(s) is shown as the trustee, co-signer, guardian, custodian, administrator, and/or beneficiary."   See Internal Revenue Service administrative summons attached to the Petition.

4.      The Bank has not delivered documents purporting to meet that description to the IRS. Gov. Exhibit 1, Tidwell Decl., para. 3.

5.      On July 1, 2009, the Petition to Quash Summons was filed.  See Docket Sheet.

6.      The Bank has informed the Internal Revenue Service that there are accounts and perhaps other records at the Bank that are described in the summons, which do not appear to have any relationship to the Church.  Neither the Bank nor the Petitioners have indicated what records exist, other than the fact records exist.

7.  The Internal Revenue Service is willing to modify the summons request, without prejudice to issuing new summonses or asking later to enforce the current summons in its entirety, as it relates to bank accounts of the Church. With regards to the Church, the United States ask that only the following be ordered produced:

    a.  a list of accounts on which Mr. or Mrs. Jones has signatory authority and copies of the signature cards for the accounts; and

    b.  any and all deposits, withdrawals, or payments of any sort, made by, or payable to Kennedy Jones, Elaine C. Jones, or their children in excess of $500.

8.  All other documents should be produced that are not identifiable by the Bank as belonging to the Greater Community Missionary Baptist Church.

## ARGUMENT

It is well-established (1) that the United States, as sovereign, cannot be sued without its consent; (2) that the terms of its consent define a court's jurisdiction; (3) that waivers of sovereign immunity must be unequivocally expressed and are strictly construed in favor of the Government; and (4) that, if a plaintiff cannot fit a claim within waiver of sovereign immunity, the court lacks jurisdiction and must dismiss the action.[2] *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586-88, 590 (1941); *Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995); *Bank One, Texas N.A. v. Taylor*, 970 F.2d 16, 33-34 (5th Cir. 1992).

Taxpayers invoke 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1340 (jurisdiction over tax matters), 28 U.S.C. §1343(a)(3)( civil rights) and 28 U.S.C. § 1346 (civil

actions against the United States not exceeding $10,000) as the basis for the District Court's jurisdiction over their suit.  It is well-settled, however, that general jurisdictional statutes do not waive sovereign immunity.  *Koehler v. United States*, 153 F.3d 263, 266, n.2 (5th Cir. 1999).

To the extent the Petitioners are asking the Court to order the IRS to cease examining their tax liability, the Anti-Injunction Act, 26 U.S.C. § 7421(a) ("AJA"), generally prohibits any suit "for the purpose of restraining the assessment or collection of any tax," bars the kind of injunctive relief Petitioners seek to prohibit the IRS from investigating their tax liability. See *Keese v. United States*, 632 F.Supp. 85, 89 (S.D. Tex. 1985) (holding that AJA barred tax preparer plaintiff's "action for injunctive relief concerning IRS activities with plaintiff's clients- harassing clients, scheduling audits, withholding refund checks, and defaming plaintiff"). "[T]he prohibition of the [AJA] is broad, 'applicable not only to the assessment or collection itself, but [ ] equally applicable to activities which are intended to or may culminate in the assessment or collection of taxes.' " *Brooks v. Snow*, 313 F.Supp.2d 654, 660 (S.D. Tex. 2004) (*quoting Smith v. Rich*, 667 F.2d 1228, 1230 (5th Cir. 1982)).

## CONCLUSION

The United States requests that the Court dismiss the petition to quash and to enforce the Internal Revenue Service summons as modified.

        Respectfully submitted,

        JAMES T. JACKS
        Acting United States Attorney

        <u>Joseph A. Pitzinger, III</u>
        JOSEPH A. PITZINGER, III
        Texas Bar No. 060558000
        Trial Attorney, Tax Division
        U. S. Department of Justice
        717 N. Harwood, Suite 400
        Dallas, Texas 75201
        (214) 880-9728
        (214) 880-9741 (facsimile)
        Joseph.A.Pitzinger@usdoj.gov

        ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the United States Motion to Dismiss and to Enforce has been made on the 24th. day of November, 2009, by mailing a copy thereof to:

| Frederick J. O'Laughlin | JP Morgan Chase Bank NA |
| 2995 LBJ Frwy, Suite 200 | 3500 Saint Paul Street, Suite 2900 |
| Dallas, Texas 75234 | Dallas, Texas 75201 |

        <u>Joseph A. Pitzinger, III</u>
        JOSEPH A. PITZINGER, III